[Cite as *In re A.N.B.*, 2010-Ohio-2375.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: A. N. B.

ELIZABETH L. JASTRZEBSKI

      Applicant

Case No. V2009-40781

Commissioners:
Karl C. Kerschner, Presiding
Randi M. Ostry
Lloyd Pierre-Louis

ORDER OF A THREE-COMMISSIONER PANEL

{¶ 1} On January 26, 2009, the applicant, Elizabeth Jastrzebski, filed a compensation application on behalf of her minor son A.B., as the result of being an ongoing victim of domestic violence. On May 26, 2009, the Attorney General issued a finding of fact and decision finding A.B. had met the necessary jurisdictional requirements to qualify for an award of reparations. The applicant was granted an award in the amount of $67.50, on A.B.'s behalf. The award represented $13.50 which was directly paid to Debra Goran, Ph.D. for services rendered to A.B. and $54.00 which was awarded to the applicant for expenses she incurred with Dr. Goran for the treatment of A.B. The Attorney General related that 10 percent of the treatment received from Dr. Goran was unrelated to the criminally injurious conduct. On June 25, 2009, the applicant submitted a request for reconsideration. The applicant asserted her husband's insurance carrier would not pay for counseling expenses incurred with

Dr. Goran, since Dr. Goran was not within the insurance carrier's network. Accordingly, these expenses should be reimbursed. The applicant also incurred lost wages to attend custody hearings, guardian ad litem expenses, and related mileage and parking expenses which should also be reimbursed. On October 23, 2009, the Attorney General issued a Final Decision. The Attorney General modified its initial decision and granted the applicant an additional award in the amount of $225.00, of which $45.00 was paid directly to Dr. Goran for services rendered to A.B. and $180.00 was awarded to the applicant for reimbursement of expenses incurred with Dr. Goran for the treatment of A.B. The Attorney General denied the applicant's claim for reimbursement of guardian ad litem fees pursuant to R.C. 2743.51(F)(4), since they did not result in the separation of A.B. from his father, the offender, and such expenses do not fall within the definition of an allowable expense pursuant to R.C. 2743.51(F)(1). Furthermore, the applicant's claims for lost wages, parking, and mileage expenses were denied since they related to a custody matter which did not successfully separate A.B. from his father.

{¶ 2} On October 29, 2009, the applicant filed a notice of appeal from the October 23, 2009 Final Decision of the Attorney General. Hence, a hearing was held before this panel of commissioners on February 3, 2010 at 10:25 A.M. It should be noted that this hearing concerned both V2009-40781 and V2009-40188, however, this decision will only address the issues raised in V2009-40781.

{¶ 3} The applicant and her attorney, Kimberley Wells, appeared at the hearing while the state of Ohio was represented by Assistant Attorneys General Lyndsay Nash and Amy O'Grady. As a preliminary matter, it was disclosed to the parties that Commissioner Ostry was associated with a law firm for whom attorney Wells had, in the

past, performed contract work. Neither party expressed any objections to Commissioner Ostry hearing this matter.

{¶ 4} With respect to V2009-40781, the case at bar, the issue to be addressed concerns whether the guardian ad litem fees should be reimbursed.

{¶ 5} Elizabeth Jastrzebski was called to testify. She described the history of domestic violence she experienced with her husband. She revealed that she filed for divorce on May 16, 2007. Initially the father was allowed supervised visitation with his children. However, this situation changed after approximately three months. On October 15, 2007, Darlene Wilcox was appointed guardian ad litem of the children. The applicant related that Ms. Wilcox facilitated the return of A.B. on an occasion when her husband kept A.B. beyond the visitation time period. The applicant also related that she met with Ms. Wilcox on other occasions in conjunction with the custody issue concerning A.B. The applicant testified that the guardian ad litem was also A.B.'s attorney and looked out for his best interest. She testified that she is responsible for approximately $2,500.00 in guardian ad litem fees and approximately $500-$1000 for summer camp fees that she incurred for A.B. while she was working.

{¶ 6} Assistant Attorney General Amy O'Grady cross-examined the applicant. The applicant did not know who recommended a guardian ad litem be appointed in the divorce case. The applicant asserted she witnessed that the guardian ad litem was looking out for the best interests of A.B. and that he was placed in appropriate surroundings. After custody was awarded to the applicant, A.B.'s father was granted visitation without supervision but A.B. could not spend nights with him. After the divorce became final in December 2008 that restriction on visitation was dropped.

{¶ 7}  Whereupon, the testimony of the applicant was concluded.   The applicant moved to admit Exhibits 1, 2, and 3.  The Attorney General moved to admit a letter dated February 28, 2008 from Darlene Wilcox and a letter dated October 1, 2007 from Freda Saleem, of Family Conciliation Services.

{¶ 8}  The only issue involved with this case is whether the guardian ad litem fees should be reimbursable under the Program.   The applicant relies on the cases of *In re Parks*, V2004-60865tc (1-28-05) and *In re West*, V2003-40208tc (8-1-03) to support the proposition that guardian ad litem fees are compensable.   These cases were decided after the modification and addition of R.C. 2743.51(F)(4) to the Crime Victims Statute.   Furthermore, the applicant contends that case law adopted by this court prior to the amendment of the statute should not be ignored.   The applicant contends these fees were incurred for the care and rehabilitation of the minor child. The guardian ad litem recommendations were adopted by the court in making the applicant the residential and custodial parent of A.B., because it was in A.B.'s best interests.   The applicant asserted the guardian ad litem's legal services benefitted the child's remedial treatment and care, and fit the definition of R.C. 2743.51(F)(1).

{¶ 9}  The Attorney General argued that the law provides only two circumstances when attorney fees may be compensated.   First, when an attorney obtains an order to physically separate a victim from an offender; and, second, when an attorney assists a victim with a compensation claim.   Accordingly, guardian ad litem fee should not be reimbursable under the program.   The Attorney General asserts all cases cited by the applicant fall under the law prior to the addition of R.C. 2743.51(F)(4).   The Attorney General noted that even though *In re Parks* was decided after the amendment,

the criminally injurious conduct occurred in 1997 and implied that the former law was applied in that case.   Whereupon, the hearing was concluded.

{¶ 10} R.C. 2743.51(F)(1) states:

"(F)(1) 'Allowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, rehabilitation, rehabilitative occupational training, and other remedial treatment and care and including replacement costs for eyeglasses and other corrective lenses. It does not include that portion of a charge for a room in a hospital, clinic, convalescent home, nursing home, or any other institution engaged in providing nursing care and related services in excess of a reasonable and customary charge for semiprivate accommodations, unless accommodations other than semiprivate accommodations are medically required."

{¶ 11} R.C. 2743.51(F)(4) in pertinent part states:

"(4) 'Allowable expense' includes attorney's fees not exceeding one thousand three hundred twenty dollars, at a rate not exceeding sixty dollars per hour, incurred to successfully obtain a restraining order, custody order, or other order to physically separate a victim from an offender * * *"

{¶ 12} From review of the case file and upon full and careful review of the testimony presented and arguments at the hearing, we find that the guardian ad litem expenses are not compensable.  First, we find that the applicant directed us to only consider April 12, 2007 as the date of the criminally injurious conduct and not consider any alleged incidents of domestic violence which may have occurred before that date. Consequently, current R.C. 2743.51(F)(4) applies to this case.   That provision limits the

compensation of attorney fees as an allowable expense to those circumstances where a "restraining order, custody order, or other order" successfully physically separates a victim from an offender.   In the case at bar, the guardian ad litem's role was to facilitate a situation where A.B. could spend time with both parents.   While the guardian ad litem recommended that the applicant be A.B.'s custodial parent, we can find no evidence that the guardian ad litem advocated A.B.'s physical separation from his father.

{¶ 13} Furthermore, based upon the specific language of R.C. 2743.51(F)(1) that "reasonable charges" are incurred for "reasonably needed" services including those for "other remedial treatment and care", guardian ad litem fees do not fall within its purview. We find that a guardian ad litem advocates in court for the best interests of the child, however, the guardian ad litem is not trained to provide care or treatment to the child. Nothing presented by the applicant convinces this panel that the guardian ad litem provided any more than legal expertise and services to the child in question.

{¶ 14} The applicant wishes this panel to rely on the holding in *In re West*. However, the panel in *West* determined the guardian ad litem fees were compensable as "pre-disclosure expenses related to the criminally injurious conduct."   In *West*, it was unknown that the minor victims in that case were sexual abuse victims until the guardian ad litem was appointed in the underlying divorce case.   It was only through disclosures made to the guardian ad litem that the sexual abuse was discovered.   Such was not the situation in the case at bar.   No evidence has been presented that the guardian ad litem in this case had acted in that manner.

{¶ 15} Therefore, pursuant to R.C. 2743.51(F)(1) and R.C. 2743.51(F)(4), guardian ad litem fees are not reimbursable.   Accordingly, the October 23, 2009 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{¶ 16} 1)  Applicant's Exhibits 1, 2, and 3 are admitted into evidence;

{¶ 17} 2)  Attorney General's letter from Darlene Wilcox dated February 28, 2008 and letter from Freda Saleem dated October 1, 2007 are admitted into evidence;

{¶ 18} 3)  The October 23, 2009 decision of the Attorney General is AFFIRMED;

{¶ 19} 4)  This claim is DENIED and judgment is rendered for the state of Ohio;

{¶ 20} 5)  This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{¶ 21} 6)  Costs are assumed by the court of claims victims of crime fund.

_____
KARL C. KERSCHNER
Presiding Commissioner


_____
RANDI M. OSTRY
Commissioner

_____
LLOYD PIERRE-LOUIS
Commissioner

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:

Filed 5-14-2010
Jr. Vol. 2275, Pgs. 122-128
To S.C. Reporter 5-27-2010